1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HENRY WILLIAM DEMPSEY, JR., | Case No. 3:21-cv-00302-RCJ-WGC |
| Petitioner, | **ORDER** |
| v. | |
| STATE OF NEVADA, | |
| Respondent. | |

Petitioner Henry Dempsey has filed an application to proceed in forma pauperis.  ECF No. 1.  Attached to the application is a motion for appointment of counsel.  ECF No. 1-1.  Based upon the statements in those documents, the court assumes that Dempsey seeks habeas corpus relief under 28 U.S.C. § 2254.  However, he first must correct multiple defects.

First, Dempsey's application to proceed in forma pauperis is incomplete.  He did not include a financial certificate signed by the appropriate officer and a statement of his inmate account, as required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2.  In a letter attached to the application, Dempsey states that the court can obtain that information itself from the Nevada Department of Corrections.  He is incorrect.  The Nevada Department of Corrections will not provide that information directly to the court; Dempsey must request that information himself.  The court notes that Dempsey has not used this court's application form.  The court will send him

1   a new form.  Dempsey will need to complete a new application to proceed in forma pauperis and

2   submit his request for financial information to the appropriate officials.

3         Second, Dempsey has not submitted a petition for a writ of habeas corpus.  The court will

4   send him this court's petition form and instructions.  He will file a petition if he wants this action

5   to proceed.  Additionally, Dempsey will need to name the correct respondent, who is the warden

6   of the prison where he is held.  Rule 2(a), Rules Governing Section 2254 Cases in the United

7   States District Courts.

8         Third, the court cannot grant Dempsey's motion for appointment of counsel.  In

9   considering a motion for appointment of counsel, "the district court must evaluate the likelihood

10  of success on the merits as well as the ability of the petitioner to articulate his claims pro se in

11  light of the complexity of the legal issues involved."  Weygandt v. Look, 718 F.2d 952, 954 (9th

12  Cir. 1983).  By not yet having filed a petition, Dempsey has no likelihood of success on the

13  merits.  The court thus denies the motion for appointment of counsel.

14        IT THEREFORE IS ORDERED that the application to proceed in forma pauperis (ECF

15  No. 1) is **DENIED** without prejudice.

16        IT FURTHER IS ORDERED that petitioner must file another application for leave to

17  proceed in forma pauperis, accompanied by a signed financial certificate and a statement of his

18  inmate account.  The clerk of the court shall send petitioner a blank application form for

19  incarcerated litigants.  In the alternative, petitioner must make the necessary arrangements to pay

20  the filing fee of five dollars ($5.00), accompanied by a copy of this order.  Petitioner will have 45

21  days from the date that this order is entered to comply.  Failure to comply will result in the

22  dismissal of this action.

23        IT FURTHER IS ORDERED that the clerk of the court file the motion for appointment of

24  counsel.

25        IT FURTHER IS ORDERED that the motion for appointment of counsel is **DENIED**.

26        IT FURTHER IS ORDERED that the clerk of the court send petitioner a petition for a

27  writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions.  Petitioner will have

28  45 days from the date that this order is entered to file petition for a writ of habeas corpus.  Neither

2

1  the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a

2  basis for tolling during the time period established.  Petitioner at all times remains responsible for

3  calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely

4  asserting claims.  Failure to comply with this order will result in the dismissal of this action.

5       IT FURTHER IS ORDERED that petitioner must place the case number, 3:21-cv-00302-

6  RCJ-WGC, in the space provided on the form, regardless of any statement that the clerk of the

7  court will supply the case number.

8       IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the

9  State of Nevada, as counsel for respondents.

10      IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance

11  within 21 days of entry of this order, but no further response will be required from respondents

12  until further order of the court.

13      IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior

14  filings to the Attorney General in a manner consistent with the clerk's current practice, such as

15  regeneration of notices of electronic filing.

16      DATED:  August 9, 2021.

17

18                                      ROBERT C. JONES
                                        United States District Judge
19

20

21

22

23

24

25

26

27

28

3