1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11   HENRY WILLIAM DEMPSEY, JR.,              Case No. 3:21-cv-00302-RCJ-WGC

12                   Petitioner,              **ORDER**

13        v.

14   STATE OF NEVADA,

15                   Respondent.

16

17        This is a habeas corpus matter under 28 U.S.C. § 2254.  The court provisionally appointed

18   the Federal Public Defender to represent petitioner Kie.  ECF No. 13.  The Federal Public

19   Defender has filed a notice of a conflict of interest.  ECF No. 15.  The court will appoint

20   substitute counsel.

21        IT THEREFORE IS ORDERED that that Mark Eibert, P.O. Box 1126, Half Moon Bay,

22   CA 94019, is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B).

23   Counsel will represent petitioner in all federal proceedings related to this matter, including any

24   appeals or certiorari proceedings, unless allowed to withdraw.

25        IT FURTHER IS ORDERED that petitioner will have until up to and including 120 days

26   from entry of this order within which to file a second amended petition and/or seek other

27   appropriate relief.  Neither the foregoing deadline nor any extension thereof signifies or will

28   signify any implied finding as to the expiration of the federal limitation period and/or of a basis

1   for tolling during the time period established.  Petitioner always remains responsible for

2   calculating the running of the federal limitation period and timely asserting claims, without regard

3   to any deadlines established or extensions granted herein.  That is, by setting a deadline to amend

4   the petition and/or by granting any extension thereof, the court makes no finding or representation

5   that the petition, any amendments thereto, and/or any claims contained therein are not subject to

6   dismissal as untimely.  See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

7          IT FURTHER IS ORDERED that respondents must file a response to the second amended

8   petition, including potentially by motion to dismiss, within 60 days of service of the second

9   amended petition and that petitioner may file a reply within 30 days of service of an answer.  The

10  response and reply time to any motion filed by either party, including a motion filed in lieu of a

11  pleading, will be governed instead by Local Rule LR 7-2(b).

12         IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the

13  counseled second amended petition must be raised together in a single consolidated motion to

14  dismiss.  In other words, the court does not wish to address any procedural defenses raised herein

15  either in serial fashion in multiple successive motions to dismiss or embedded in the answer.

16  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.

17  Respondents must not file a response in this case that consolidates their procedural defenses, if

18  any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any

19  unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims

20  under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and

21  (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2)

22  set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural

23  defenses, including exhaustion, must be included with the merits in an answer.  All procedural

24  defenses, including exhaustion, instead must be raised by motion to dismiss.

25         IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must

26  specifically cite to and address the applicable state court written decision and state court record

27  materials, if any, regarding each claim within the response as to that claim.

28

1      IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies

2  of any electronically filed exhibits need not be provided to chambers or to the staff attorney,

3  unless later directed by the court.

4      DATED NUNC PRO TUNC:  January 10, 2022.

5                                                        _____

6                                                        ROBERT C. JONES
                                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28