UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HENRY WILLIAM DEMPSEY, JR.,<br><br>        Petitioner,<br>v.<br><br>WARDEN GARRETT, *et al.*,<br><br>        Respondents. | Case No. 3:21-cv-00302-RCJ-CSD<br><br>**ORDER** |

This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the court are (1) the respondents' motion (ECF No. 23) to strike the *pro se* amended petition (ECF No. 22) as improperly filed by the petitioner rather than his appointed counsel; (2) the petitioner's second unopposed motion (ECF No. 24) to extend the deadline to file a second amended petition to July 22, 2022; and (3) the respondents' first unopposed motion (ECF No. 27) to extend time to file a response to the second amended petition to November 21, 2022.

The respondents' motion (ECF No. 23) to strike petitioner's *pro se* amended petition (ECF No. 22) will be granted and the amended petition (ECF No. 22) will be stricken as it is filed in violation of LR IA 11-6.

"It is well established that district courts have inherent power to control their docket," including the power to strike improperly filed items from the docket. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). The Local Rules of Practice state, in relevant part:

> A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney . . . .

LR IA 11-6(a). This rule further states that an "attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case." *Id*.

Because counsel is appointed to represent the petitioner, the petitioner may not personally file motions or documents with the court and the court will order the *pro se* amended petition (ECF No. 22) stricken from the court's docket.

Good causing appearing, the petitioner's second unopposed motion (ECF No. 24) for

extension of time to file the second amended petition will be granted *nunc pro tunc* and the second amended petition, filed on July 22, 2022 (ECF No. 25) will be considered timely filed. Good cause appearing, the respondents' first unopposed motion (ECF No. 27) to extend time to file a response to the second amended petition will also be granted giving the respondents until November 21, 2022, to file a response to the second amended petition.

IT IS THEREFORE ORDERED that the respondents' motion to strike petitioner's *pro se* amended petition **(ECF No. 23) is GRANTED** and the Clerk of the Court is ordered to strike the petitioner's *pro se* amended petition (ECF No. 22) from the Court's docket.

IT IS FURTHER ORDERED that the petitioner's unopposed second motion for extension of time to file the second amended petition **(ECF No. 24) is GRANTED *NUNC PRO TUNC*** and the second amended petition (ECF No. 25) is deemed timely filed.

IT IS FURTHER ORDERED that the respondents' unopposed first motion to extend time to file a response to the second amended petition **(ECF No. 27) is GRANTED**. The respondents have until November 21, 2022, to file a response to the second amended petition.

Dated: September 22, 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE