UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HENRY WILLIAM DEMPSEY, JR., | Case No. 3:21-cv-00302-RCJ-CSD |
| Petitioner, | |
| v. | ORDER |
| WARDEN GARRETT, *et al*., | |
| Respondents. | |

This habeas matter is before the Court on Respondents' Motion to Dismiss (ECF No. 42). Petitioner opposed (ECF No. 45) and Respondents have replied (ECF No. 49). Also before the Court is Respondents' Motion to Seal (ECF No. 37). For the reasons discussed below, Respondents' motion to dismiss is granted, in part, and denied, in part.

**I.     Background**

Petitioner challenges a 2014 judgment of conviction entered by the Second Judicial District Court for Washoe County. ECF No. 31-21. Petitioner pled guilty to three counts of lewdness with a child under the age of fourteen. *Id*. Petitioner filed a motion to withdraw guilty plea, which the state court denied following a hearing. ECF No. 31-20. The state court sentenced Petitioner to three consecutive sentences of ten years to life. ECF No. 31-21. Petitioner did not file a direct appeal.

Petitioner filed a *pro se* state habeas petition. ECF No. 31-28. Following an evidentiary hearing, the state court denied his state habeas petition. ECF No. 32-1. The Nevada Court of Appeals affirmed the denial of relief. ECF No. 35-8.

Petitioner filed a *pro se* federal habeas petition on September 14, 2021. ECF No. 10. The Court appointed counsel on November 22, 2021. ECF No. 13. Petitioner filed a *pro per*

amended petition on May 25, 2022. ECF No. 22. The Court granted Respondents' motion to strike Petitioner's amended petition because Petitioner was represented by counsel. ECF No. 28. Petitioner filed a second amended petition on July 22, 2022. ECF No. 25. Respondents move to dismiss the second amended petition as untimely because Grounds 1 and 2 do not relate back to a timely-filed petition. Respondents further argue that Grounds 1 and 2 should be dismissed as unexhausted or, in the alternative, as procedurally barred.

II.   Discussion

    a.   Timeliness

AEDPA establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A). The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). But a pending federal habeas petition does not statutorily toll the AEDPA deadline. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Here, the parties do not dispute that Petitioner's *pro se* September 14, 2021 petition was timely filed, but the second amended petition was not; thus, Grounds 1 and 2 of the second amended petition must relate back to his timely *pro se* petition.

Under Rule 15, an untimely amendment properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c). For habeas petitions, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659. New claims in an amended habeas petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Mayle*, 545 U.S. at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) ("It

is not enough that the new argument pertains to the same trial, conviction, or sentence."). Rather, to properly relate back, a new claim must arise from the same collection of facts alleged in the earlier petition. *Mayle*, 545 U.S. at 661; *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common *core* of operative facts"). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Mayle*, 545 U.S. at 650.

> Presenting a claim that trial counsel rendered ineffective assistance because he failed to establish a particular defense cannot preserve for the petitioner any claim of ineffective assistance based on failure to establish a defense that the petitioner might later discover. Such a holding would, as the district court put it, stand *Mayle* on its head.

*Schneider v. McDaniel*, 674 F.3d 1144, 1152 (9th Cir. 2012).

### i. Ground 1

The Court is persuaded that Ground 1 relates back to a claim in the petitioner's timely *pro se* pleadings. In Ground 1, Petitioner alleges that his federal constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments were violated by trial counsel's failure to investigate mitigating facts regarding his mental capacity to knowingly, intelligently, and voluntarily enter his guilty plea. ECF No. 25 at 10-20. Looking to the body of the timely *pro se* petition and its exhibits, the Court determines that it " 'set out' or 'attempted to … set out' a corresponding factual episode," to Ground 1 of the second amended petition. *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020) (en banc). Construing the *pro se* petition liberally, the Court concludes that the second amended petition's Ground 1 shares a common core of operative facts with the ineffective assistance of counsel claim in the timely *pro se* petition alleging that counsel "failed to bring any mitigating evidence to my hearing that would have helped my case," and counsel "forced [Petitioner] into taking this plea deal. . ." ECF No. 10 at 6. *See Williams*, 950 F.3d at 1173 n. 19 ("The obligation to construe *pro se* filings means courts must frequently look to the contents of a *pro se* filing rather than its form."). Accordingly, Ground 1 is timely.

### ii. Ground 2

In Ground 2, Petitioner alleges that he was denied his federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments due to ineffective assistance of counsel in pressuring and influencing Petitioner to plead guilty involuntarily. ECF No. 25 at 20-22. The core facts underlying Ground 2 surround allegations that counsel pressured Petitioner to plead guilty despite failing to investigate the case, failing to communicate, failing to explain documents, such as the plea agreement, and despite knowledge of Petitioner's mental deficits. The Court finds that Petition attempted to set out facts in his *pro se* timely petition that share a common core with Ground 2. In his timely *pro se* petition and its exhibits, Petitioner alleges that his counsel did not do his job or investigate the case, failed to present mitigating evidence, and forced Petitioner to accept the plea deal. ECF No. 10 at 6. Applying the liberal construction accorded to *pro se* filings under the governing law to the fullest possible extent, the Court is persuaded that Ground 2 relates back to the timely *pro se* petition. Accordingly, Ground 2 is timely.

### b. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

///

### i. Ground 1 is unexhausted.

Respondents contend that although Petitioner raised a similar claim to the Nevada appellate court, Ground 1 is unexhausted because the Nevada Court of Appeals declined to consider the claim on appeal. The Nevada Court of Appeals declined to consider this claim on appeal in the first instance because it was not properly raised in the state habeas petition before the state district court. ECF No. 35-8 at 3-4.

Petitioner argues that the Nevada appellate court refused to consider Ground 1 in error because Petitioner raised the claim in his motion to vacate illegal sentence, which the state district court referenced in its order denying habeas relief. ECF Nos. 31-37, 33-6. The Court is not persuaded. Petitioner filed his *pro se* motion to vacate illegal sentence, which the state district court denied. ECF No. 31-40. In its order denying the motion to vacate illegal sentence, the state district court noted that the motion appeared to supplement the state habeas petition, referred the motion to Petitioner's appointed counsel, instructed counsel to "notice [the state district court] that Petition is being supplemented using the information contained in the Motion to Vacate Illegal Sentence, or otherwise, to notice [the state district court] of no supplement to the original petition." *Id*. at 2. Counsel filed a "Notice of No Supplement to Petition for Writ of Habeas Corpus and Notice of No Supplement to Motion to Vacate Illegal Sentence." ECF No. 32-6. In its order denying the state habeas petition, the state district court noted that counsel filed a "notice of no supplement." ECF No. 41-6.

Presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim. *Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). Petitioner presented the claim in Ground 1 to the state appellate court for the first instance, and a claim presented in that manner will not be considered by the state appellate courts as a matter of course. The claim therefore was not fairly presented, and the state appellate court clearly did not otherwise consider the improperly presented claim on the merits. Ground 1 is unexhausted.

///

### ii. Ruling on Ground 2 is deferred.

Petitioner concedes that the claim presented in Ground 2 was not presented to the Nevada appellate court. ECF No. at 45 at 7. Although Petitioner does not cite to *Martinez v. Ryan*, 566 U.S. 1 (2012), in his opposition to Respondents' motion o dismiss, Petitioner cites to *Martinez* in his second amended petition and asserts that Ground 2 is "excused from exhaustion" as a result of "ineffective assistance of post-conviction counsel in properly preserving it." ECF No. 25 at 20. He further asserts that "there is no available remedy in state court," that "the claim is substantial," and that Petitioner was prejudiced. ECF No. 45 at 7. As such, it appears that Petitioner argues, however inartfully, that the claims are technically exhausted as he can demonstrate cause and prejudice under *Martinez*.

A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. *See Castille*, 489 U.S. at 351; *see also Dickens*, 740 F.3d at 1317 ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing *Coleman*, 501 U.S. at 754-55). However, in *Martinez*, the Supreme Court created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. *See* 566 U.S. at 16-17. "Under *Martinez*, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding ... and if in that proceeding there was no counsel or counsel was ineffective." *Ramirez*, 937 F.3d at 1241 (citing *Martinez*, 566 U.S. at 17). Nevada

law requires prisoners to raise ineffective assistance of counsel ("IAC") claims for the first time in a state petition seeking post-conviction review, which is the initial collateral review proceeding for the purposes of applying the *Martinez* rule.[1] *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

To establish cause and prejudice to excuse the procedural default of a trial-level IAC claim under *Martinez*, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective assistance of trial counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Ramirez*, 937 F.3d at 1242 (internal quotation omitted). The first and second "cause" prongs of the *Martinez* test are derived from *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ramirez*, 937 F.3d at 1241. Determination of the second prong—whether there was a reasonable probability that the result of the post-conviction proceedings would be different—"is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.* (quoting *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)). The third "prejudice" prong directs courts to assess the merits of the underlying IAC claim. *See id.* A procedural default will not be excused if the underlying IAC claim "is insubstantial," *i.e.*, it lacks merit or is "wholly without factual support." *Id.* (quoting *Martinez*, 566 U.S. at 14-16).

Here, it is clear that Petitioner would face multiple procedural bars if he were to return to state court with his unexhausted claim. *See, e.g.*, NRS 34.726, 34.810. Petitioner advances only *Martinez* as a basis for excusing the anticipatory default of his ineffective assistance of

---

[1] The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar pursuant to Nevada law. *Brown v. McDaniel*, 130 Nev. 565, 571–76, 331 P.3d 867, 871–75 (2014) (en banc). Thus, a Nevada habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

counsel claim in Ground 2. The Court thus reads Petitioner's opposition as a concession that the only basis for cause as to any of the unexhausted ineffective assistance of trial counsel claims would be *Martinez*, and will consider said claims technically exhausted on that basis.

Respondents request addressing the application of *Martinez* to Ground 2 in an answer. ECF No. 49 at 10 fn. 2. Moreover, the Court finds that these questions are inextricably intertwined with the merits of the claims themselves. Accordingly, the Court will defer a determination on whether Petitioner can demonstrate cause and prejudice until the time of merits determination. The motion to dismiss Ground 2 as procedurally defaulted is denied without prejudice. Respondents may renew the procedural default argument as to Ground 2 in their answer.

### III.  Options for a Mixed Petition

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds Petitioner has not exhausted Ground 1.

Because Petitioner's second amended petition is mixed, he has three options: (1) file a motion to dismiss seeking partial dismissal of Ground 1; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust Ground 1; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance to hold his exhausted claims in abeyance while he returns to state court to exhaust Ground 1.

### IV.  Motion to Seal

Before the Court is Respondents' Motion for Leave to File Documents Under Seal (ECF No. 37). Respondents seek leave to file under seal one document in support of their Motion to Dismiss (ECF No. 42) Petitioner's second amended petition (ECF No. 25): Exhibit 16, Petitioner's Presentence Investigation Report ("PSI") (ECF No. 38), dated June 10, 2014. Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. §

176.156(5).

Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Accordingly, the motion (ECF No. 37) is granted, and Exhibit 16 (ECF No. 38) is considered properly filed under seal.

### V. Conclusion

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 42) is **GRANTED, in part, and DENIED, in part,** as follows:

- Ground 1 is unexhausted.
- The Court defers consideration of whether Petitioner can demonstrate cause and prejudice under *Martinez* to overcome the procedural default of Ground 2 until the time of merits review. Respondents may assert the procedural default argument with respect to Ground 2 in their answer.

It is further ordered that within 30 days of entry of this order, Petitioner must either: (1) file a motion to dismiss seeking partial dismissal of only Ground 1; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust Ground 1; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance to hold his exhausted claims in abeyance while he returns to state court to exhaust Ground 1.

It is further ordered that Respondents' Motion to Seal (ECF No. 37) **is GRANTED.** Exhibit 16 (ECF No. 38) is considered properly filed under seal.

It is further ordered that failure to timely comply with this order will result in dismissal of Petitioner's mixed petition without further advanced notice.

DATED this  12th  day of September 2023.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE